IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>    Plaintiff,<br><br>v.<br><br>R. J. HERNANDEZ, Chief Deputy Warden, et al.,<br><br>    Defendants. | No. C 02-5602 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY CALIFORNIA ATTORNEY GENERAL'S OFFICE FROM REPRESENTING DEFENDANTS**<br><br>(Docket no. 60) |

    Before the Court is Plaintiff's motion to disqualify the California Attorney General's Office from representing Defendants in this action (docket no. 60). Plaintiff claims that the "[California] Attorney General and his office, is [sic] in fact, in an unlawful conspiracy with his CDCR-clients, with evil motive and intent, to obstruct justice and place Plaintiff in a litigation disadvantage." (Mot. to Disqualify at 5.)

    The State has a mandatory duty to represent the State and any state officer acting in an official capacity. See Cal. Gov't Code § 12512 ("The Attorney General shall . . . defend all causes to which the State, or any State officer is a party in his official capacity . . . ."). In representing the State, the Attorney General will also normally represent the public interest. See, e.g., D'Amico v. Bd. of Med. Exam'r, 11 Cal. 3d 1, 14-15 (1974). In an exceptional case, the Attorney General may recognize a conflict of interest between the duty to represent the public interest and the duty to represent a state agency. "However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both a representative of the public interest and as counsel for the state agency or officer." D'Amico, 11 Cal. 3d at 15.

    In the instant case, the California Attorney General's Office has not asserted any conflict of interest. Furthermore, the Court finds that the instant case does not present an exceptional case that would require disqualification. It is exceedingly common for state prisoners to file civil rights actions against the California Department of Corrections and Rehabilitation and its employees based

1 on constitutional grounds.  These cases do not present the type of "public interest" case which would
2 normally invoke a potential conflict of interest.  Finally, actions taken by the Attorney General on
3 behalf of state employees do not present a conflict of interest for an opposing party.  Therefore, the
4 Court finds no merit to Plaintiff's claim that the representation of Defendants by the California
5 Attorney General's Office presents a conflict of interest.

6     Accordingly, Plaintiff's motion to disqualify the California Attorney General's Office from
7 representing Defendants (docket no. 60) is DENIED.

8     This Order terminates Docket no. 60.

9     IT IS SO ORDERED.

10 DATED: 9/16/08

    _____
    SAUNDRA BROWN ARMSTRONG
11     United States District Judge

P:\PRO-SE\SBA\CR.02\Hamilton5602.DENYdisqualifyAG.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HAMILTON,

        Plaintiff,

v.

HERNANDEZ et al,

        Defendant.

Case Number: CV02-05602 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Hamilton K-54885
Kern Valley State Prison
P.O. Box 5104
Delano, CA 93216

Dated: September 17, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.02\Hamilton5602.DENYdisqualifyAG.frm