IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>    Plaintiff,<br><br>v.<br><br>R .J. HERNANDEZ, Chief Deputy Warden, et al.,<br><br>    Defendants. | ) No. C 02-5602 SBA (PR)<br>)<br>)<br>) **ORDER DENYING POST-JUDGMENT**<br>) **MOTION AS WITHOUT MERIT**<br>)<br>)<br>)<br>)<br>) |

## BACKGROUND

In an Order dated March 31, 2004, the Court outlined the procedural background of the instant case as follows:

> Plaintiff George Hamilton filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2000. See Hamilton v. Hernandez, C 00-3030 SBA (PR). At the time, he was incarcerated at Salinas Valley State Prison (SVSP) in Soledad, California, but he was later transferred to the Substance Abuse Treatment Facility in Corcoran, California (SATF). On March 30, 2001, the Court dismissed Plaintiff's complaint with leave to amend. On April 27, 2001, the Court granted Plaintiff a 30-day extension of time to file the amended complaint. On July 10, 2001, the Court found that Plaintiff had stated cognizable supplemental claims against prison officials at SATF, including a claim that SATF officials were interfering with Plaintiff's efforts to prosecute his claims against the SVSP defendants. The Court decided to exercise jurisdiction over the SATF claims because they were closely related to Plaintiff's original claims against prison officials at SVSP. The Court ordered the SATF warden to respond to Plaintiff's denial of access claim and took under submission the question of whether Plaintiff should be granted an extension of time to amend his original complaint until SATF officials stopped impeding him from doing so.
>
> Thereafter, Plaintiff complained of continuing interference by SATF officials with his access to the courts. The Court then granted Plaintiff an indefinite extension of time to file an amended complaint regarding his claims against SVSP defendants until the denial of access allegations could be resolved.
>
> On November 13, 2002, the Court reconsidered its decision to exercise jurisdiction over Plaintiff's claims against the SATF defendants, because those claims had come to dominate the litigation. The Court severed the SVSP claims from action 00-3030 and ordered them filed in a new civil rights action, this one. Action 00-3030, which then consisted solely of claims claims [sic] against the SATF defendants, was transferred to the United States District Court for the Eastern District of California. The Court stayed this action on the following terms:
>
> > [This action is] STAYED and ADMINISTRATIVELY TERMINATED pending resolution of Plaintiff's SVSP-related denial of access to the courts claims in action 00-3030.

> Alternatively, Plaintiff may request that the Court lift the stay whenever he is prepared to file an amended complaint reasserting his SVSP claims, that is, once he gains access to the legal materials he needs to prepare such a complaint. Plaintiff shall file quarterly reports (i.e., every three months) in the stayed action apprising the Court of the progress of the transferred action as far as his SVSP-related denial of access to the courts claims are concerned.
>
> Action 00-3030, Third Order of Service & Order Severing Claims and Transferring Action to E. Dist. of Cal. at 5, ¶8 (filed in this action in Docket #1 behind complaint).

(Mar. 31, 2004 Order at 1-2. )

In an Order dated February 2, 2007, the Court lifted the stay in the instant action, and directed the Clerk of the Court to reopen the file. The Court directed Plaintiff to file the requisite amended complaint and any supporting documentation no later than thirty days from the date of the Order. The Court stated that he should "allege all facts and claims, specifically addressing any facts relevant to his SVSP claims under 42 U.S.C. §1983." (Feb. 2, 2007 Order at 3.)

After being granted two extensions of time to do so, Plaintiff filed his amended complaint.

In an Order dated November 19, 2009, the Court reviewed the amended complaint and dismissed the instant action for failure to state a cognizable federal claim. The Clerk then closed this action and terminated all pending motions.

Thereafter, Plaintiff filed a notice of appeal, and, to date, that appeal is still pending in the Ninth Circuit Court of Appeals.

Before the Court is Plaintiff's "Ex Parte Post-Judgment Motion Requesting a Clarification And Judicial Investigation" (docket no. 71). While Plaintiff indicates that the aforementioned motion should be filed in the instant action, he refers to his previous action, Case No. C 00-3030 SBA (PR), which as mentioned above, was transferred to the United States District Court for the Eastern District of California. This Court notes that all claims against the SATF defendants in Case No. C 00-3030 SBA (PR) were transferred on December 30, 2002 and filed as a new civil rights action in Eastern District Case No. CV-02-6647-OWW-HGB. Plaintiff claims that the Order Dismissing Complaint With Leave to Amend (docket no. 25 in Case No. C 00-3030 SBA (PR)) was "severely altered and tampered with" because it "contain[s] information, in regards, to a document filed on [4-3-2001] (Doc. #23.)" (Pl.'s Mot. at 1.) Plaintiff also alleges the claims against the SATF

2

defendants in Case No. C 00-3030 SBA (PR) were "never transferred to the Eastern District." (Id.) Finally, Plaintiff refers to the appeal in the instant action and states:

> This document is compelled, based on the fact, that on each occasion that the defendant(s) appear in this action, I suffer some form of retaliation. On 9-23-2010, I received the defendants['] ANSWERING BRIEF (9th cir.) On 9-24-2010 and 9-25-2010, a C/O A. Gonzalez, in bad faith, is attempting to seize all of my legal property, despite receiving first-hand knowledge that I was personally issued all of my legal property in my possession, on 1-22-2008 by Sgt. R. Marta, the R&R Sergeant himself. However, these recent incident(s), in fact, constitute a pattern.

(Id. at 2.)

## **DISCUSSION**

First, the Court finds that nowhere in Plaintiff's motion is he requesting reconsideration of its November 19, 2009 Order of Dismissal in the instant action. Even if Plaintiff had filed a motion for reconsideration, this Court lacks jurisdiction to decide such a motion because he has already filed a notice of appeal. Natural Res. Def. Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (once the notice of appeal is filed, the district court loses jurisdiction over the matters being appealed); United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (same). Accordingly, Plaintiff's "Ex Parte Post-Judgment Motion Requesting a Clarification And Judicial Investigation" (docket no. 71) is DENIED as without merit.

Second, the Court notes that, contrary to Plaintiff's claim in this instant motion, his previous case -- Case No. C 00-3030 SBA (PR) -- was in fact transferred to the Eastern District. That Eastern District case has since been dismissed for failure to prosecute, and the Ninth Circuit affirmed the district court's judgment in a memorandum dated May 13, 2005. Furthermore, this Court's Order Dismissing Complaint With Leave to Amend (docket no. 25 in Case No. C 00-3030 SBA (PR)) was not "severely altered and tampered with" as Plaintiff has claimed in his motion. Again, contrary to Plaintiff's claim, that March 30, 2001 Order does not refer to a document filed on April 3, 2011, which is an "ex-parte pleading" relating to Allen B. Williams (docket no. 23 in Case No. C 00-3030 SBA (PR)). Instead, in its March 30, 2001 Order, the Court resolved a similar motion filed on March, 29, 2001 entitled, "Motion for a Protective Order Prohibiting All Acts of Obstruction of Justice, Tampering and Retaliating Against Inmate Allen Williams" (docket no. 20 in Case No. C 00-3030 SBA (PR)). Because the Court had determined that Plaintiff had not yet filed a complaint

stating cognizable claims under § 1983 in Case No. C 00-3030 SBA (PR), the motion for a protective order was denied without prejudice. (See March 30, 2001 Order in Case No. C 00-3030 SBA (PR).) Therefore, the Court finds that there is no evidence of any of the alleged altering or tampering of the record in Case No. C 00-3030 SBA (PR).

Finally, in his pending motion in the instant action, Plaintiff has indicated that his legal property is being "seize[d]" by Correctional Officer A. Gonzalez. (Pl.'s Mot. at 2.) At the time he filed the present motion, Plaintiff was incarcerated at Kern Valley State Prison (KVSP). Any claims regarding the conditions of his confinement at KVSP must be filed in the United States District Court for the Eastern District of California, because that is the district in which KVSP is located. Accordingly, this Court has no jurisdiction to address any claims regarding the conditions of his confinement at KVSP.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's "Ex Parte Post-Judgment Motion Requesting a Clarification And Judicial Investigation" (docket no. 71) is DENIED as without merit.

This Order terminates Docket no. 71.

IT IS SO ORDERED.

DATED: September 29, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HAMILTON,

    Plaintiff,

v.

HERNANDEZ et al,

    Defendant.

Case Number: CV02-05602 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

George Hamilton K-54885
Kern Valley State Prison
P.O. Box 5104
Delano, CA 93216

Dated: September 30, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.02\Hamilton5602.postJUD-order.frm     5